IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WAYNE WATSON ENTERPRISES, LLC,
*et al.*,

    Plaintiffs,

v.

CITY OF CAMBRIDGE, *et al.*,

    Defendants.

Case No. 2:15-CV-02679

JUDGE ALGENON L. MARBLEY

Magistrate Judge Jolson

## OPINION & ORDER

This matter is before the Court on the City of Cambridge's, *et al.* ("the City") Motion for Award of Attorney's Fees and Wayne Watson Enterprise's, LLC's, *et al.* ("Watson") Memorandum in Opposition to Defendants' Motion for Attorney's Fees, including a Cross Motion for Sanctions and Attorney's Fees. For the reasons set forth below, the City's Motion for Attorney's Fees (ECF No. 43) and Watson's Cross Motion for Sanctions and Attorney's Fees (ECF No. 44) are both **DENIED**.

### I. BACKGROUND

The Court put forth a detailed factual background on this matter in its Opinion and Order filed on March 20, 2017 and incorporates those facts herein by reference. (ECF No. 39). In pertinent part, Watson filed suit in the Guernsey County Court of Common Pleas to challenge a City Ordinance that would approve construction of a shared drive between Wayne Watson's car wash and a Wendy's restaurant next door. Watson successfully obtained both a temporary restraining order and a preliminary injunction in state court and halted the implementation of the challenged ordinances and construction of the proposed shared drive. The case was removed to

federal court in July of 2015. (ECF No. 1). In December, Watson filed an amended complaint, alleging claims under 42 U.S.C. § 1983 for procedural due process violations, substantive due process violations, void-for-vagueness infirmities in the challenged ordinances, the unlawful delegation of legislative power over municipal roads to the City Engineer, and alleged violations of state law and the City's municipal code regarding traffic construction. (ECF No. 16). Watson sought a permanent injunction barring the City from enforcing the challenged ordinances and prohibiting construction of the shared drive, among other damages. (*Id.*). On March 30, 2017, this Court granted summary judgment to the City on every claim, except for the state-law claims over which the Court declined to exercise jurisdiction. (ECF No. 39).

After the Order, the City brought this Motion for Attorney's Fees, setting forth arguments under Rule 11, 28 U.S.C. § 1927, and 42 U.S.C. § 1988. (ECF No. 43). As the basis for its motion, the City alleges that settled law regarding property rights, access, and public rights-of way controlled the issues, but instead of applying the correct law and facts, Watson "misdirected their alleged theory to a 'generalized' right to do business." The City argues that Watson failed to "fairly and reasonably respond to admission requests." (*Id.*). The City further alleges that, because Watson did not fully evaluate or re-evaluate its alleged claims after the completion of depositions, attorney's fees and sanctions are warranted. (*Id.*).

Watson responded with its Memorandum in Opposition, a filing that included a cross motion for Rule 11 sanctions. (ECF. No. 44). Watson alleges that the City's motion for fees and sanctions is baseless and requests its expenses and attorney's fees incurred in opposing it. (*Id.*).

## II. STANDARD OF REVIEW

### A. Rule 11 Sanctions

2

Federal Rule of Civil Procedure 11 provides that "[a] motion for sanctions under this rule . . . shall not be filed with or presented to the court unless, within 21 days after service of the motion . . . the challenged . . . claim . . . is not withdrawn or appropriately corrected." FED. R. CIV. P. 11(c)(1)(A). "The 1993 advisory committee notes clarify that given the 'safe harbor' provisions [of subsection (c)(1)(A)], a party cannot delay serving its Rule 11 motion until conclusion of the case . . . ." *Morganroth & Morganroth v. DeLorean*, 123 F.3d 374, 384 (6th Cir. 1997). If a motion for sanctions is not timely filed, the merits of a claim for sanctions need not be considered. *Id.*

Federal Rule of Civil Procedure 11(b) provides, in relevant part, that when a pleading, written motion, or other paper is submitted, a party or counsel represents to the Court that:

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needlessly increase in the cost of litigation;
>
> (2) the claims, defense, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; . . . .

FED. R. CIV. P. 11(b)(1)-(3).

"A motion for sanctions under Rule 11 should not be lightly made by a party or granted by a court." *Gilmer v. Cleveland*, 617 F. Supp. 985, 988 (N.D. Ohio Sept. 19, 1985). "The standard for determining whether to impose sanctions is one of objective reasonableness." *Neighborhood Research Inst. v. Campus Ptnrs. For Cmty. Urban Dev.*, 212 F.R.D. 374, 378 (S.D. Ohio Dec. 12, 2002). Relevant factors for determining reasonableness include: "the time available for the signor for investigation; whether the signor had to rely on a client for

3

information as to the facts underlying the pleading, motion, or other paper; whether the pleading, motion or other paper was based on a plausible view of the law; or whether the signor depended on forwarding counsel or another member of the bar." *Id.* (citing *Davis v. Crush*, 862 F.2d 84, 88 (6th Cir. 1988)).

### B. 28 U.S.C § 1927

Pursuant to § 1927, "[a]ny attorney . . .who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "The purpose of § 1927 is to deter dilatory litigation practices and punish aggressive tactics that far exceed zealous advocacy." *Garner v. Cuyahoga Cnty. Juvenile Ct.*, 554 F.3d 624, 644 (6th Cir. 2009) (internal quotations omitted). "A court may sanction an attorney under § 1927 . . . when the 'attorney knows or reasonably knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims.'" *Gibson v. Solideal USA, Inc.*, 489 Fed. Appx 24, 31 (6th Cir. 2012) (quoting *Hall v. Liberty Life Assurance Co. of Boston*, 595 F.3d 270, 275-76 (6th Cir. 2010). There must be some conduct on the part of the attorney that "falls short of the obligations owed by a member of the bar to the court and which . . . causes additional expense to the opposing party." *Rentz v. Dynasty Apparel Indus.*, 556 F.3d 389, 396 (6th Cir. 2009). This is an objective standard. *Id.*

### C. 42 U.S.C § 1988

Section 1988 allows a district court "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b); *Wolfe v. Perry*, 412 F.3d 707, 720 (6th Cir. 2005). "[W]hile prevailing plaintiffs are entitled to attorneys fees under th[e]

4

statute in all but special circumstances, prevailing defendants are entitled to attorneys fees much less frequently." *Smith v. Smythe-Cramer Co.*, 754 F.2d 180, 182 (6th Cir. 195) (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 417-18 (1978). A defendant may recover attorney's fees from the plaintiff "only if the District Court finds 'that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in bad faith.'" *Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (quoting *Christianberg*, 434 U.S. at 421)).

### III. ANALYSIS

#### A. Rule 11 Sanctions

##### 1. The City's Motion

As a threshold matter, the City's motion does not comply with Rule 11's safe harbor provision and is untimely. The City filed its motion on May 4, 2017 (ECF No. 43) and the conclusion of the case was entered forty-five days before in the Court's Opinion and Order on March 20, 2017. (ECF No. 39). The safe harbor provision "aims to put a party on notice as to the impending sanctions so that he may correct the sanctionable conduct before a motion for sanctions is filed in court." *Ruff-EI v. Fumble Recovery LLC*, No. 2:12-CV-343, 2013 WL 12131192, at *4 (S.D. Ohio Aug. 16, 2013). It is impossible for a party to correct its sanctionable conduct if judgment has already been entered in a case, so courts generally hold that a party cannot file a Rule 11 motion after the conclusion of a case. *See Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997) ("[W]e hold that sanctions under Rule 11 are unavailable unless the motion for sanctions is served on the opposing party for the full twenty-one day "safe harbor" period before it is filed with or presented to the court; this service and filing must occur prior to final judgment or judicial rejection of the offending contention. Quite clearly then, a party cannot wait until after summary judgment to move for sanctions under Rule

5

11."). The Sixth Circuit has allowed motions for sanctions to be filed after final judgment if the moving party gave the other party notice of the motion before final judgment was entered. *See Barker v. Bank One, Lexington, N.A.*, 156 F.3d 1228 (6th Cir. 1998). Here, the City did not give Watson any notice of its intent to file for Rule 11 sanctions and did so after the conclusion of the case. In these circumstances, the City failed to comply with Rule 11's safe harbor provision.

Additionally, Rule 11 also requires that "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed R. Civ. P. 11(c)(2). The City's Rule 11 motion for sanctions is accompanied with requests for attorney's fees pursuant to Local Rule 54.2, Fed. R. Civ. P. 54, 28 U.S.C. § 1927, and 42 U.S.C § 1988 so it does not meet the procedural requirements that justify its consideration. Also, Watson points out that the motion does not specify which filing the City claims violates Rule 11, specify which allegations it contends violated the Rule, or which specific aspect of Rule 11(b) was offended. (ECF No. 44). The Court agrees. Accordingly, the City's request for Rule 11 sanctions fails.

### 2. Watson's Motion

Watson argues that the City's motion for sanctions is baseless, and therefore the Court should award it attorney's fees and expenses incurred in opposing it. (ECF No. 44 at PageID 1313). Watson contends that the City filed its motion as an attempt to influence the parties' settlement negotiations in the ongoing appeal of this case. *See Wayne Watson Enterprises, LLC v. Cambridge, City Of,* 6th Cir. Case No. 17-3358. Watson cites no cases for its proposition that it should be awarded fees here. The Court declines to do so. While the Court agrees that Watson cannot recover under Rule 11, it also finds that the City's conduct was not so objectively unreasonable as to award fees here.

### B. 28 U.S.C. § 1927

Although the City moves the Court for an award of attorney's fees under 28 U.S.C. § 1927, it merely states that the statute authorizes an award of sanctions when an attorney "so multiplies the proceedings in any case unreasonably and vexatiously." (ECF No. 43 at PAGE ID #: 1267). The City appears to criticize Watson for its continued prosecution of the case after it was "fully afforded the opportunity to develop a case in discovery." (*Id.*). It also indicates it should be awarded attorney's fees because of how Watson handled discovery. (*Id.*). The City does not show, however, that Watson's conduct was unreasonable or vexatious. Nor does the City cite to any authority as a basis for its claim. "The purpose of § 1927 is to deter dilatory litigation practices and punish aggressive tactics that far exceed zealous advocacy." *Garner v. Cuyahoga Cnty. Juvenile Ct.*, 554 F.3d 624, 644 (6th Cir. 2009) (internal quotations omitted). There is no indication here that Watson did anything outside the ordinary course of litigation. Because the City has failed to show that Watson was unreasonable or vexatious, or in any way multiplied the proceedings, the Court denies relief under 28 U.S.C. § 1927.

### C. 42 U.S.C. § 1988

The City correctly asserts that attorney's fees may be awarded to prevailing Defendants in civil rights litigation under 42 U.S.C. § 1988. Fees are awarded to Defendants much less frequently than to plaintiffs, however, and a defendant may only recover fees if the court finds the plaintiff's action was frivolous, unreasonable, or without foundation. *See Smith v. Smythe-Cramer Co.*, 754 F.2d 180, 182 (6th Cir. 1995) (internal citations omitted); *Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (internal citations omitted). The City advances the same arguments as it did for its claim under 28 U.S.C. § 1927 and to the same result. Again, the City criticizes Watson for its continued prosecution of the case after it was "fully afforded the opportunity to develop a case

in discovery" and asserts that it should be awarded attorney's fees because of how Watson handled discovery. Still, the City does not show how Watson's conduct was unreasonable or frivolous. Nor does the City cite to any authority as a basis for its claim. Indeed, as Watson correctly points out, the state court granted a preliminary injunction in its favor, making the argument that its claims were entirely frivolous difficult. The Court finds that the action was not frivolous and Watson's conduct was not unreasonable.

## IV. CONCLUSION

Ultimately, the City does not provide any basis for the Court to conclude that Watson did anything more than advocate for his claims. The City cannot be awarded fees under any of the cited authorities simply because it ultimately won on summary judgment. Nor will the Court award Watson fees simply because the City did not succeed on its Rule 11 motion. For these reasons, the Court **DENIES** both the City's Motion for Attorney's Fees (ECF No. 43) and Watson's Cross Motion for Sanctions and Attorney's Fees (ECF No. 44).

**IT IS SO ORDERED.**

s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: March 30, 2018**